IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT WADE DEAN, | CV 17-00133-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| C.O. NASH and the MISSOULA COUNTY DETENTION FACILITY, | |
| Defendants. | |

Plaintiff Robert Dean, a state prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed complaint (Doc. 2) alleging the Defendants violated his federal rights by denying him breakfast and a grievance form on September 15, 2017. The motion to proceed in forma pauperis will be granted but the Complaint fails to state a federal claim and should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Dean's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Because he is incarcerated, Dean must pay the statutory filing fee of

1

$350.00. 28 U.S.C. § 1915(b)(1). Dean will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Dean must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Dean is held to forward payments from Dean's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Dean is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it

was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint

3

stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Dean is incarcerated at the Missoula Assessment & Sanction Center at the

4

Missoula County Detention Facility. He alleges that he woke up at approximately 7:20 a.m. on September 15, 2017 and realized that breakfast had been served. He pushed the intercom button and asked for a tray. Officer Nash told him he would not be given a tray. When Dean asked for a grievance form, he was told no.

Dean alleges Missoula County Detention Facility instituted policies that unreasonably deprive inmates of food for unreasonable reasons and denies inmates unreasonable access to grievances.

As Dean is being held at the Missoula Assessment & Sanction Center, the Court assumes he is a convicted prisoner and will therefore analyze his claims under the Eighth Amendment.

### 1. Denial of Breakfast

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (*citing Farmer v. Brennan*, 511 U.S. 825, 847 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care, and personal safety. *Farmer*, 511 U.S. at 832. "Adequate food is a basic human need protected by the Eighth Amendment." *Kennan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (*citing

*Hoptowit v. Ray*, 682 F.2d at 1246), *amended by* 135 F.3d 1318 (9th Cir.1998). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *Lamaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Dean does not allege that missing breakfast on one day compromised his health. Numerous courts have held that no constitutional violation occurs just because an inmate misses one or more particular meals. *See Bellamy v. Bradley*, 729 F.2d 416, 419–20 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984) (missing meals for a day); *Veteto v. Miller*, 829 F.Supp. 1486, 1495–96 (M.D.Pa.1992) (allegations of missed meals during brief period without allegations of going hungry); *Morrison v. Martin*, 755 F.Supp. 683, 686 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir.1990) (generalized allegations of missed meals); *Moss v. Ward*, 450 F.Supp. 591, 596, 598 n. 8 (W.D.N.Y.1978) (deprivation of one meal or a day's meals); *Herring v. Superintendent, Danville City Jail*, 387 F.Supp. 410, 412 (W.D.Va.1974) (missing breakfast).

Dean has thus failed to state a constitutional claim with regard to the denial of a single meal.

### 2. Denial of Grievance Form

There is no right to any particular grievance process, and therefore it is

impossible for due process to have been violated by ignoring or failing to properly process grievances. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Bradley*, 64 F.3d at 1279 (discussing the right in the context of prison grievance procedures).

In order to show a violation of the right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *See id.*; *see also Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir. 2007). The injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354-55. It is only satisfied if an inmate is denied access with regard to a direct appeal from their conviction, habeas

7

petitions, or civil rights actions challenging the conditions of their confinement. *Id.* "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Dean fails to allege how being denied a grievance form by one correctional officer caused him to suffer an actual injury. He is still free to file his claims as he has so done. As such, these allegations fail to state a federal claim for relief.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on September 20, 2017.

Further the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Dean failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Dean may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Dean is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 20th day of September, 2017.

Jeremiah C. Lynch
United States Magistrate Judge